TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BESHAI (Cal. Bar No. 308030)
Assistant United States Attorneys
UNITED STATES ATTORNEY'S OFFICE
411 W. Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone:     (714) 338-3541
Facsimile:     (714) 338-3708
E-Mail: andrew.beshai2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-81-DOC |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT HOA VO |
| v. | |
| HOA VO, | Hearing Date: November 8, 2021 |
| Defendant. | Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the<br>             Hon. David O. Carter |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Andrew Beshai, hereby files its sentencing position as to Hoa Vo.

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), the attached exhibits, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

| | |
|---|---|
| Dated: October 13, 2021 | Respectfully submitted,<br><br>TRACY L. WILKISON<br>Acting United States Attorney<br><br>SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division<br><br>         /s/<br>Andrew Beshai<br>Assistant United States Attorneys<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 16, 2021, defendant Hoa Vo ("defendant") pleaded guilty to counts three and four of the indictment in this matter. On October 4, 2021, the United States Probation Office ("USPO") filed its Presentence Report ("PSR") (Dkt. No. 45) and recommendation ("Recommendation Letter") (Dkt. No. 44).

In the PSR, the USPO found that defendant's combined adjusted offense level is 18, and that defendant is in criminal history category III, yielding a Guidelines range of 33 to 41 months. PSR ¶ 88. The USPO also found that defendant is subject to a consecutive, mandatory 24 months' imprisonment based on pleading guilty to count four, a violation of 18 U.S.C. § 1028A(a)(1). Id. The USPO recommends: (1) a sentence of 61 months (37 months for count three and 24 months consecutive mandatory for count four); (2) a 3-year period of supervised release; (3) restitution in the amount of $360,847.47; and (4) a special assessment of $200. Recommendation Letter at 1-2.

The government agrees with the USPO's calculation of the total applicable offense level and criminal history category. The government recommends: (1) a sentence of 61 months (37 months for count three and 24 months consecutive mandatory for count four); (2) a 3-year period of supervised release; (3) restitution in the amount of $360,847.47; and (4) a special assessment of $200.

**II.  FACTUAL BACKGROUND**

From August 2018 to May 2019 defendant knowingly and with the intent to defraud, devised and executed a scheme to defraud The Boeing Company ("Boeing"), its employees, and others, by means of

materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts in connection with a wire fraud scheme.

In carrying out the scheme, defendant engaged in the following fraudulent and deceptive acts, practices, and devices, and made the following material omissions, among others:

Defendant, who is not and was not ever a Boeing employee, and one or more co-schemers unlawfully obtained the personal identifying information ("PII") of Boeing employees who worked at Boeing facilities all across Southern California, including Huntington Beach ("Boeing Huntington Beach"), Canoga Park, and El Segundo. This PII included the Boeing employees' online login credentials for their interest-bearing retirement accounts, known as the Boeing Voluntary Investment Plan (or "VIP") accounts.

Using this unlawfully obtained PII, defendant and one or more co-schemers subsequently made withdrawals totaling hundreds of thousands of dollars from the VIP accounts of Boeing employees without the employees' permission or knowledge. These withdrawals triggered notifications and checks to be mailed to the employees' homes.

Defendant and one or more co-schemers placed mail holds on notifications and checks that were mailed to Boeing Huntington Beach employees, using those employees' PII without permission, so that these employees would never know of the transfers/withdrawals from their VIP accounts. Subsequently, defendant went to the United States Post Office located in Westminster, California and attempted to pick up the held notifications and checks using (1) fraudulently produced identification containing the PII of Boeing Huntington Beach employee

D.D. and (2) fraudulent notes purportedly signed by D.D. and stating that defendant was authorized to pick up D.D.'s mail.  Defendant was ultimately unsuccessful at persuading the Post Office employees that D.D. had allowed defendant to pick up D.D.'s mail.

As a result of this scheme, defendant and his co-schemers tried to transfer approximately $783,328 from various Boeing employees' VIP accounts – using their online login credentials – to defendant VO's and other personal bank accounts, and successfully transferred approximately $360,847 from various Boeing employees' VIP accounts to defendant's personal bank accounts and other bank accounts.

In pursuit of this scheme to fraudulently take money from Boeing and its employees in Huntington Beach and elsewhere, on or about March 27, 2019, defendant -- with the intent to cheat and deceive Boeing, its employees, and others -- caused the transmission, by means of wire communication in interstate commerce, of a transfer of approximately $68,000 from Boeing Huntington Beach employee T.P.'s VIP account, which traveled through Bank of the West's server in Omaha, Nebraska, to defendant VO's personal Bank of the West checking account in Garden Grove, California.

**III. THE GOVERNMENT'S POSITION -- A SENTENCE OF 61 MONTHS IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS**

The government respectfully recommends: (1) a sentence of 61 months (37 months for count three and 24 months consecutive mandatory for count four); (2) a 3-year period of supervised release; (3) restitution in the amount of $360,847.47; and (4) a special assessment of $200.  The government believes this sentence is

3

sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Defendant and his co-schemers stole $360,847.47 from Boeing employees' pension accounts, causing the employees pain and suffering as a result of the lost funds.  In light of this conduct and defendant's criminal history, which includes a prior fraud offense, the government respectfully submits that a sentence of 61 months' imprisonment and three years of supervised release will appropriately reflect the seriousness of the offense and promote respect for the law, deter future criminal conduct from both the defendant and others without being greater punishment than necessary, and serve to protect the community.

**IV.   CONCLUSION**

For the foregoing reasons, a sentence of 61 months' imprisonment and three years of supervised release is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, deter defendant from committing similar crimes in the future, and avoid sentencing disparities.  See generally 18 U.S.C. § 3553(a).  Accordingly, the government recommends that the Court sentence defendant to (1) a sentence of 61 months (37 months for count three and 24 months consecutive mandatory for count four); (2) a 3-year period of supervised release; (3) restitution in the amount of $360,847.47; and (4) a special assessment of $200.